JS6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISELA HERNANDEZ, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>FCA US, LLC, a Delaware Limited Liability Company; and DOES 1 through 20, inclusive,<br><br>            Defendants. | CV 20-1058-RSWL-MAA<br><br>**ORDER re: Plaintiff's Motion to Remand** [8] |

Plaintiff Isela Hernandez ("Plaintiff") brings this Action against Defendant FCA US, LLC ("Defendant") for violations of California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act").  Currently before the Court is Plaintiff's Motion to Remand ("Motion") [8].  Having reviewed all papers submitted pertaining to the Motion, the Court **NOW FINDS AND RULES AS FOLLOWS: GRANTS** Plaintiff's Motion.

///

1

**I. BACKGROUND**

**A.   Factual Background**

Plaintiff alleges Defendant manufactured and/or distributed a 2015 Jeep Grand Cherokee, Vehicle Identification Number 1C4RJECG9FC915303 (the "Vehicle").  Ex. A to Decl. of Barbara R. Adams in Supp. of Notice of Removal, Compl., ¶ 4 ("Compl."), ECF No. 1-1.  Plaintiff alleges she leased the Vehicle on or about May 10, 2016.  Id. ¶ 5.

Plaintiff alleges that the Vehicle developed various defects, including issues with the canister software, water leaks, an inoperable passenger seat, and an unstable engine, among multiple others.  Id. ¶ 10.  Plaintiff further alleges she delivered the Vehicle to Defendant's authorized service and repair facilities on at least ten occasions.  Id. ¶ 9. Plaintiff alleges that Defendant failed to conform the Vehicle to the applicable warranties as shown by the defects existing after a reasonable number of repair attempts.  Id. ¶ 12.

**B.   Procedural Background**

Plaintiff filed her Complaint [1-1] in the Superior Court of the State of California, County of Los Angeles, on December 19, 2019, alleging Defendant violated the Song-Beverly Act.  Defendant removed this Action to this Court on January 1, 2020 [1].  Plaintiff filed the instant Motion to Remand [8] on April 20, 2020.  Defendant filed its Opposition [9] on April 28,

2

2020, and Plaintiff replied [10] on May 5, 2020.

## II. DISCUSSION

### A. Legal Standard

Civil actions may be removed from state court if the federal court has original jurisdiction. See Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, . . . original subject-matter jurisdiction [must] lie[] in the federal courts."). Diversity jurisdiction exists in all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. There must be complete diversity of citizenship, meaning "each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted). Courts resolve all ambiguities "in favor of remand to state court."

1 Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th
2 Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564,
3 566 (9th Cir. 1992)).  A removed case must be remanded
4 "[i]f at any time before final judgment it appears that
5 the district court lacks subject matter jurisdiction."
6 28 U.S.C. § 1447(c).

**B. Discussion**

Plaintiff contends that this Court lacks subject matter jurisdiction over this Action so it should be remanded to state court.[1]  The Court undisputably lacks federal question jurisdiction; therefore, the issue is whether the Court has diversity jurisdiction.

    1. Amount in Controversy

When a defendant removes a complaint to federal court, the defendant's burden with respect to the

---

[1] In addition to lack of subject matter jurisdiction, Plaintiff argues that this Action should be remanded because Defendant failed to give notice to the Los Angeles Superior Court that the case had been remanded. See Mot. 6:16-20, ECF No. 8.  Specifically, Plaintiff contends that the "Notice of Removal states that Plaintiff filed this action in the Superior Court of the State of California for the County of San Luis Obispo," and that a copy of the Notice of Removal " will be provided to the Clerk of the San Luis Obispo Superior Court." Id. at 6:9-15.  Plaintiff maintains that the Notice of Removal is thereby procedurally defective because this Action was originally filed in the Los Angeles Superior Court. Id. at 6:18-20.  But, Defendant, in its Opposition, clarified that the reference to the San Luis Obispo Superior Court was a typographical error, and insisted that proper notice was provided to the Los Angeles Superior Court. See Opp'n 4:7-12, ECF No. 9.  The Court finds that proper notice was provided to the Los Angeles Superior Court on January 31, 2020, see Ex. 2 in Supp. of Opp'n, ECF No. 9-3, and that an amended notice was also given to the Los Angeles Superior Court on February 7, 2020, see Ex. 3 in Supp. of Opp'n, ECF No. 9-4.  Accordingly, the Court **DENIES** Plaintiff's Motion as it related to the argument that remand is proper because notice was not provided to the Los Angeles Superior Court.

amount in controversy varies depending on the circumstances. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). But "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the applicable standard is by a preponderance of the evidence; this requires that the defendant offer evidence establishing that it is more likely than not that the amount in controversy is met, exclusive of costs and interest. Id. (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)). In considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition," and "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Singer v State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997) (quoting Allen v. R & H Oil & Gas. Co., 63 F.3d 1326, 1335-36 (5th Cir. 1995)).

  Here, Plaintiff's Complaint alleges that "[t]he amount in controversy exceeds twenty-five thousand dollars ($25,000.00), exclusive of interest and costs . . . ." Compl. ¶ 13. Further, "Plaintiff seeks damages from Defendant[] . . . for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees." Id. Given that Plaintiff's Complaint does not clearly indicate that the $75,000 minimum amount in controversy

1  is met, Defendant has the burden of showing by a
2  preponderance of evidence that the jurisdictional
3  minimum has been satisfied.
4              i.   *Actual Damages*
5       Plaintiff seeks to recover from Defendant's alleged
6  violations of the implied and expressed warranties
7  under the Song-Beverly Act, Cal. Civ. Code § 1792 and
8  Cal Civ Code § 1793.2, respectively.  Actual damages
9  under the Song-Beverly Act are the "amount equal to the
10 actual price paid or payable by the buyer," less the
11 reduction in value "directly attributable to use by the
12 buyer."  Cal. Civ. Code § 1793.2(d)(2)(B)-(C).  To
13 determine the amount directly attributable to the
14 buyer's use of the vehicle, the manufacturer multiplies
15 the price of the vehicle the buyer paid or will pay by
16 a fraction—the denominator is 120,000, and the
17 numerator is the number of miles the buyer drove the
18 car before the first relevant repair.  Id.  This
19 calculation provides the actual damages that Plaintiff
20 suffered.
21      Defendant first attempts to demonstrate that the
22 minimum amount in controversy has been met by claiming
23 that "Plaintiff is seeking rescission of the contract,"
24 Notice of Removal 5:2, ECF No. 1, which would result in
25 "the contract's entire value, without offset, [a]s the
26 amount in controversy," id. (citing Jadair, Inc. v.
27 Walt Keeler Co., 679 18 F.2d 131, 133 n. 5 (7th
28 Cir.1982)).  However, Defendant's reading of

Plaintiff's Complaint is mistaken, as the Complaint explicitly prays for "replacement or restitution . . . ." Compl. 8:1-4.

Next, Defendant attempts to establish that the minimum amount in controversy has been met by relying on the purchase price of the Vehicle. See Notice of Removal 5:4-8 ("Based on the reasonable purchase value of the subject vehicle, the civil penalties prayed for by Plaintiff in twice that amount, together with attorney fees, costs and expenses, the total ascertainable damages sought by Plaintiffs, there can be no question that the amount in controversy therefore satisfies the $75,000 minimum in this case."). Specifically, Defendant argues that "[t]he invoice price of the Subject Vehicle was $43,666.00 . . . . Thus, the claimed civil penalty on this amount would be up to $87,332.00 - leaving an amount in controversy of roughly $130,998.2." Opp'n 8:21-24. But, Plaintiff maintains that a "proper Song-Beverly restitution amount would require [Defendant] to account for the amount that Plaintiff has thus far paid towards the Vehicle, and the amount of miles she has driven the vehicle," but "[n]one of these are accounted for in [Defendant]'s Notice of Removal, and these facts have not yet been determined or resolved . . . ." Mot. 8:11-18.

Plaintiff is correct that the Court should consider the amount of miles Plaintiff has driven the Vehicle,

7

1 | or the mileage offset, in determining whether the
2 | requisite amount in controversy has been met.  See
3 | Cortez Martinez v. Ford Motor Co., No. 1:18-CV-01607-
4 | LJO-JLT, 2019 WL 1988398, at *4 (E.D. Cal. May 6, 2019)
5 | (citing Schneider v. Ford Motor Co., 756 Fed. Appx.
6 | 699, 701 (9th Cir. 2018) (unpublished)) ("The appellate
7 | court noted the district court's consideration of the
8 | use offset under the Song-Beverly Act to determine the
9 | jurisdictional amount in controversy was valid.").  The
10 | set-off amount is determined by multiplying the
11 | "'actual price of the new motor vehicle paid or payable
12 | by the buyer . . . by a fraction having its denominator
13 | 120,000 and having as its numerator the number of miles
14 | traveled by the new motor vehicle prior to the time the
15 | buyer delivered the vehicle'" for correction of the
16 | problem.  Maciel v. BMW of N. Am., LLC, No. CV 17-
17 | 04268-SJO-AJWX, 2017 WL 8185859, at *2 (C.D. Cal. Aug.
18 | 7, 2017) (quoting Cal. Civ. Code § 1793.2(d)(2)(c)).
19 |     Here, Defendant neglected to take into account the
20 | mileage offset when alleging that the amount in
21 | controversy exceeds the jurisdictional minimum.
22 | Accordingly, Defendant has failed to prove actual
23 | damages by a preponderance of the evidence.  See
24 | Schneider v. Ford Motor Co., 756 F. Appx. 699, 701 n. 3
25 | (9th Cir. 2018) ("Consideration of the [u]se [o]ffset
26 | [is] appropriate" in determining the amount in
27 | controversy as the circuit has "recognized that an
28 | estimate of the amount in controversy must be reduced

1  if a specific rule of law or measure of damages limits
2  the amount of damages recoverable.") (internal
3  quotation marks omitted)); Michael Day v. FCA US LLC,
4  No. ED CV 20-0615-FMO-EX, 2020 WL 3047986, at *2 (C.D.
5  Cal. June 8, 2020) ("However, FCA has failed to take
6  into account any reduction for the use of the vehicle,
7  and thus has failed to show that the amount in
8  controversy exceeds the jurisdictional threshold.")
9  (internal citations omitted)); Mullin v. FCA US, LLC,
10 2020 WL 2509081, *3 (C.D. Cal. May 14, 2020) ("Because
11 Defendants neglected to take the mileage offset into
12 account, they failed to meet their burden of showing
13 Plaintiff's actual damages based on the purchase price
14 of the vehicle."); Maciel, 2017 WL 8185859, at *2
15 (finding amount in controversy not satisfied given
16 defendant's failure to consider set-off amount).
17      The Court is unpersuaded by Defendant's reading of
18 the Complaint and thus finds that Defendant has not met
19 its burden of proving Plaintiff's actual damages based
20 on the purchase price of the Vehicle.
21           ii. *Civil Penalties*
22      The amount in controversy for diversity
23 jurisdiction may include punitive damages if
24 recoverable under state law.  Brady v. Mercedes-Benz
25 USA, Inc., 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002)
26 (citing Davenport v. Mutual Ben. Health & Acc. Ass'n,
27 325 F.2d 785, 787 (9th Cir. 1963)).  The Song-Beverly
28 Act does not provide for punitive damages but "[c]ourts

have held that the civil penalty under [Song-Beverly] is akin to punitive damages, because both have the dual effect of punishment and deterrence for defendants." Id. (citations omitted). Moreover, "courts have held in other contexts that treble damages authorized by state law may be included in determining the amount in controversy" and Song-Beverly "in effect authorizes treble damages." Id. (citations omitted). Therefore, the Court can include the Song-Beverly Act's civil penalty damages in the amount in controversy calculation.

The amount recoverable under the Song-Beverly Act is up to two times the amount of actual damages Plaintiff suffered. Brady, 243 F. Supp. at 1009. "If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally uncertain." Chavez v. FCA US LLC, No. CV 19-06003-ODW-GJSX, 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020) (citing Edwards v. Ford Motor Co., No. CV 16-05852-BRO-PLAX, 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016)). Accordingly, because the amount of actual damages in uncertain, the Court is unable to determine what civil penalties might be imposed. Put differently, Defendant has failed to satisfy the burden of proof necessary to include civil penalties in the amount in controversy.

### iii. *Attorneys' Fees*

Future attorneys' fees are to be included when determining the amount in controversy. Fritsch v.

Swift Transp. Co. of Arizona, LLC, 899 F.3d 785 (9th Cir. 2018). However, a "district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." Id. at 795.

Here, Defendant maintains that "[i]t is likely that Plaintiff will seek more than $75,000 in fees if she prevails at trial" because the "plaintiffs' attorneys regularly request more than $75,000 in Song Beverly cases tried or prepared for trial." Opp'n 9:15-28. However, "[c]ourts have been reluctant to estimate reasonably attorneys' fees without knowing what the attorneys in the case bill, or being provided with 'evidence of attorneys' fees awards in similar cases.'" Eberle v. Jaguar Land Rover N. Am., LLC, No. 2:18-CV-06650-VAP-PLA, 2018 WL 4674598, at *3 (C.D. Cal. Sept. 26, 2018) (citing Edwards, 2016 WL 6583585 at *5). And, courts have found information much more specific than Defendant's assertion that plaintiffs' counsels often seek more than $75,000 in attorneys' fees to be insufficient for the purpose of including attorneys' fees in the amount in controversy. See Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (finding that a defendant failed to establish the amount in controversy by a preponderance of the evidence when including attorney's fees without estimating "the amount of time each major task will take," or varying the hourly billing rate for

each task).  Accordingly, the Court finds that attorneys' fees here are too speculative to be included in the amount in controversy calculation.

Ultimately, the Court finds that Defendant failed meet its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Accordingly, Defendant failed to establish that this Court has subject matter jurisdiction pursuant to diversity under 28 U.S.C. § 1332.  As such, because the Court lacks subject matter jurisdiction over the Action, the Court **GRANTS** Plaintiff's Motion.

### 2. Complete Diversity

Because Defendant has failed to meet its burden of showing that the amount in controversy exceeds the jurisdictional minimum, the Court need not address whether complete diversity between the parties exists.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand.  The Clerk shall **REMAND** this Action to the Superior Court of California, County of Los Angeles, Case No. 19STCV46285, and close this matter.

**IT IS SO ORDERED.**

DATED: June 29, 2020

/s/ Ronald S.W. Lew

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge